UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FERNANDO Z. CARRILLO,<br><br>    Petitioner,<br><br>  v.<br><br>V.M. ALMAGER, Warden,<br><br>    Respondent. | No. CV 08-3444 DSF (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED** |

On May 27, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court orders Petitioner to show cause, on or before ***June 30, 2008***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///
///
///
///
///

# I.

# **PROCEDURAL HISTORY**

According to the Petition, Petitioner was convicted of voluntary manslaughter with use of a firearm and sentenced to prison for 21 years on October 2, 2002. (Petition at 2.) The California Court of Appeal affirmed the judgment on February 2, 2004. (*Id.* at 3.) The California Supreme Court denied the petition for review on April 14, 2004. (*Id.*)

Petitioner filed his first state habeas petition in October 2007. (*Id.* at 3-4.) On April 23, 2008, the California Supreme Court denied Petitioner's state habeas petition. (*Id.* at 4.)

# II.

# **STATUTE OF LIMITATIONS**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

Based on the record before the court, Petitioner was convicted and sentenced on October 2, 2002. (Petition at 2.) The California Court of Appeal affirmed the judgment on February 2, 2004. (*Id.* at 3.) The California Supreme Court denied the petition for review on April 14, 2004. (*Id.*) Therefore, Petitioner's conviction became final 90 days later on July 13, 2004. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Accordingly, absent tolling, the one-year statute of limitations expired one year later on July 13, 2005. 28 U.S.C. § 2244(d)(1)(A). Petitioner signed and mailed his

///

federal habeas petition on May 19, 2008.  (Petition at 8 & proof of service attached thereto.)

Therefore, the Petition is time-barred unless the statute of limitations was tolled.  The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  However, the Petition indicates that Petitioner's first state habeas petition was signed and mailed in October 2007, over 2 years after the statute of limitations expired.[1]  (Petition at 4.)  A state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period.  *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).  Given that Petitioner does not appear to have filed any habeas petitions in state court before expiration of the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[2]

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling.  *Lawrence v. Florida,* 127 S. Ct. at 1085.  Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (citation and internal quotation marks omitted).  The extraordinary circumstances must have been the cause of his untimeliness.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not indicate any basis for equitable tolling.

///
///
///

---

[1]  The online docket indicates that the state habeas petition was filed on November 1, 2007, before the California Supreme Court (Case No. S157770).

[2]  The one-year statute of limitations is not tolled while a federal habeas petition is pending.  *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **June 30, 2008**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why his Petition is not barred by the statute of limitations.

*Accordingly, if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the petition dismissed, with prejudice, based on expiration of the one-year statute of limitations.*

DATED: May 29, 2008

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE