

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 28 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO Z. CARRILLO,<br><br>Petitioner,<br><br>v.<br><br>V.M. ALMAGER, Warden,<br><br>Respondent. | NO. CV 08-3444-DSF (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all of the pleadings and records. Having made a *de novo* determination, the Court agrees with the recommendation of the Magistrate Judge.

In his Objection, Petitioner raises an argument for equitable tolling that was not set forth in his response to the Magistrate Judge's order to show cause. (Objection at 4.) *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates

///

Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam), *cert. denied*, 507 U.S. 978 (1993).

Even taking into account Petitioner's argument for equitable tolling, his Petition is still time-barred. Petitioner's conviction became final on July 13, 2004. (Report and Recommendation at 3; Objection at 1.) Petitioner states that, on August 16, 2004, the Court of Appeal denied without prejudice his motion to recall the remittitur based on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). (Objection at 1-2.) Even assuming Petitioner's motion to recall the remittitur statutorily tolls the limitations period through August 16, 2004, the limitations period would expire on August 16, 2005, more than two years before Petitioner submitted his first state habeas petition in October 2007. (Report and Recommendation at 3; Objection at 2.)

Petitioner argues that he did not file a state habeas petition until October 2007 because the Court of Appeal's decision on August 16, 2004 misled him into believing that the *Blakely* decision did not apply to his case and he did not realize the Court of Appeal's error until after the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). (Objection at 3.) Petitioner does not attach a copy of the Court of Appeal's order. Even assuming that the Court of Appeal erred in its application of *Blakely*, such error would not justify equitable tolling. Federal habeas relief cannot be granted unless a state court's adjudication of a claim resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Therefore, Defendants' argument for equitable tolling based on a state court's erroneous legal ruling would eviscerate the statute of limitations.

///

1 | The Magistrate Judge's Report and Recommendation is adopted.
2 | IT IS ORDERED that Judgment be entered denying the Petition and
3 | dismissing this action with prejudice.

DATED: 7-24-08

DALE S. FISCHER
United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO Z. CARRILLO | ) | NO. CV 08-3444-DSF (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| V.M. ALMAGER, Warden, | ) | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

The Court submits this Report and Recommendation to the Honorable Dale S. Fischer, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

Petitioner was convicted of voluntary manslaughter with use of a firearm and sentenced to prison for 21 years on October 2, 2002. (Petition at 2.) The California Court of Appeal affirmed the judgment on February 2, 2004. (*Id.* at 3.) The California Supreme Court denied the petition for review on April 14, 2004. (*Id.*)

Petitioner filed his first state habeas petition in October 2007. (*Id.* at 3-4.) On April 23, 2008, the California Supreme Court denied Petitioner's state habeas petition. (*Id.* at 4.)

On May 19, 2008, Petitioner signed and mailed his Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, which was filed in this court on May 27, 2008. (Petition at 1, 8, Proof of Service.) On May 29, 2008, the Court issued an Order to Show Cause Why this Action Should Not Be Dismissed based on expiration of the one-year statute of limitations. (Docket No. 3.) The Court ordered Petitioner to respond to the Order to Show Cause by June 30, 2008. On June 16, 2008, Petitioner filed a Response to the Order to Show Cause.

This matter is therefore ready for decision.

II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final

Based on the record before the Court, Petitioner was convicted and sentenced on October 2, 2002. (Petition at 2.) The California Court of Appeal affirmed the judgment on February 2, 2004. (*Id.* at 3.) The California Supreme Court denied the petition for review on April 14, 2004. (*Id.*) Therefore, Petitioner's conviction became final 90 days later on July 13, 2004. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Accordingly, the one-year statute of limitations expired no later than July 13, 2005. Petitioner signed and mailed his federal habeas petition almost three years later on May 19, 2008. (Petition at 7, Proof of Service.)

Therefore, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). There is no tolling from the time a petitioner's conviction becomes final to the filing of the first state habeas petition because there is no case "pending" during that period. *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).

The Petition indicates that Petitioner's first state habeas petition was filed in October 2007, over two years after the statute of limitations expired. (Petition at 4.) A state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). Given that Petitioner does not appear to have filed any habeas petitions in state court before the expiration of the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).

///

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Petitioner does not contend he is entitled to equitable tolling. Neither the Petition nor Petitioner's Response to the Order to Show Cause makes any showing as to equitable tolling.

### B. The Date of the *Cunningham* Decision

The Supreme Court decided *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007) on January 22, 2007. Petitioner's Response to the Order to Show Cause appears to argue that the statute of limitations should start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court [in *Cunningham*], if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. § 2255[1] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

> The limitation period shall run from the latest of -
> 
> * * *
> 
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

[1] Under section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

Supreme Court and made retroactively applicable to cases on collateral review.

The court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. *Id.* at 358.[2] However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 359.

Applying *Dodd* to the instant petition, the Supreme Court decided *Cunningham* on January 22, 2007. For a petition based on *Cunningham* to be timely under 28 U.S.C. § 2244(d)(1)(C), (1) it would have to be filed no later than January 22, 2008; (2) the Supreme Court would have to recognize *Cunningham* as a new rule no later than January 22, 2008; and (3) the Supreme Court would have to declare *Cunningham* retroactive no later than January 22, 2008. *See Dodd*, 545 U.S. at 359 (applicant "will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year"); *Johnson*, 431 F.3d at 992 (statute runs from date that the right was initially recognized, "even if the Court does not declare that right to be retroactive until later"). The Supreme Court has not recognized *Cunningham* as a new rule.[3] Therefore, the petition is time-barred. *See Dodd*, 545 U.S. at 358 ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied"); *see Johnson*, 431 F.3d at 992 (applying *Dodd* under § 2244(d)(1)(C)).

---

[2] "*Dodd* is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

[3] The Ninth Circuit recently held that *Cunningham* did not announce a new rule. *Butler v. Curry*, Case No. 07-56204, 2008 U.S. App. LEXIS 12324, at *32-*33 (9th Cir. June 9, 2008).

## III.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation, and (2) directing that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: June 25, 2008

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.